| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1**<br>DENISE CARLON, ESQUIRE<br>KML LAW GROUP, P.C.<br>Sentry Office Plz<br>216 Haddon Ave.<br>Suite 406<br>Westmont, NJ 08018<br>(215)627-1322<br>dcarlon@kmllawgroup.com<br>Attorneys for Secured Creditor<br>The Bank of New York Mellon FKA The Bank of New York, as Trustee for the certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2006-22 | Order Filed on August 30, 2018<br>by Clerk U.S. Bankruptcy Court<br>District of New Jersey |
| In Re:<br><br>Ayten Ozdemir,<br><br>Debtor. | Case No.: 18-14452 JNP<br>Adv. No.:<br>Hearing Date: 5/16/18 @10:00 a.m.<br><br>Judge: Jerrold N. Poslusny, Jr. |

## ORDER RESOLVING SECURED CREDITOR'S OBJECTION TO DEBTOR'S CHAPTER 13 PLAN

The relief set forth on the following pages, numbered two (2) through two (2) is hereby **ORDERED**

**DATED: August 30, 2018**

Honorable Jerrold N. Poslusny, Jr.
United States Bankruptcy Court

Page 2
Debtor:     Ayten Ozdemir
Case No.:   18-14452 JNP
Caption:    **ORDER RESOLVING SECURED CREDITOR'S OBJECTION TO DEBTOR'S CHAPTER 13 PLAN**

This matter having been brought before the Court by KML Law Group, P.C., attorneys for Secured Creditor, The Bank of New York Mellon FKA The Bank of New York, as Trustee for the certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2006-22, holder of a mortgage on real property located at 2861 E. Chestnut Ave, Vineland, NJ. 08361-6204, Denise Carlon appearing, by way of objection to the confirmation of Debtor's Chapter 13 Plan, and this Court having considered the representations of attorneys for Secured Creditor and Victor Druziako, Esquire, attorney for Debtor, Ayten Ozdemir, and for good cause having been shown;

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Debtor shall make post-petition payments directly to Secured Creditor outside of the plan in accordance with the terms of the Court's loss mitigation order; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that if loss mitigation is unsuccessful, Debtor is responsible for the difference between the loss mitigation payment and the regular payment for the months this loan was in the loss mitigation program; and

It **ORDERED, ADJUDGED and DECREED** that Debtor shall obtain a loan modification by August 31, 2018, or as extended by an order extending loss mitigation or a modified plan; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that the Trustee shall not make disbursements on Secured Creditor's proof of claim while the loan modification is pending; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that in the event the loss mitigation negotiations are unsuccessful, Debtor shall modify the plan to surrender, cure and maintain, sell, refinance, or otherwise address Secure Creditor's claim; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Secured Creditor does not waive its rights to pre- or post-petition arrears in the event loss mitigation is unsuccessful;

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Secured Creditor's objection to confirmation is hereby resolved.